IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **MICHAEL BOWEN,** | * |
| Plaintiff, | * |
| v. | *   Civil No. TMD 13-1898 |
| **CAROLYN W. COLVIN,** | * |
| **Acting Commissioner of Social Security,** | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION GRANTING DEFENDANT'S
<u>MOTION TO DISMISS</u>**

Michael Bowen ("Plaintiff") seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Before the Court is Defendant's Motion to Dismiss (ECF No. 29).  No hearing is necessary.  L.R. 105.6.  For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 29) is **GRANTED**.

**I**

**<u>Background</u>**

On June 28, 2013, represented by counsel, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  On March 2, 2015, the Court granted Plaintiff's counsel's motion to withdraw.  On March 18, 2015, the Court approved Defendant's proposed scheduling order directing Plaintiff to file a motion for

summary judgment by no later than May 1, 2015.  After the deadline passed with no action by Plaintiff, on June 18, 2015, the Commissioner filed a motion to dismiss the case under Fed. R. Civ. P. 41(b) for lack of prosecution or, in the alternative, for an extension of time within which to file her motion for summary judgment (ECF No. 29).  On June 19, 2015, the Clerk of Court notified Plaintiff via mail that he had seventeen days to file a response to Defendant's Motion to Dismiss and that failure to file a timely written response could lead to dismissal of the case or to entry of judgment against him without further notice (ECF No. 30).  *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam).  The case then was reassigned to the undersigned.  To date, Plaintiff has filed neither a motion for summary judgment nor a response to Defendant's Motion to Dismiss.  The matter is now fully submitted.

## II

### Discussion

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32, 82 S. Ct. 1386, 1388-89 (1962) (noting that federal courts have inherent power to dismiss action for failure to prosecute either *sua sponte* or on party's motion).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629-30, 82 S. Ct. at 1388.  In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal."  *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam);

*see Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (upholding dismissal of *pro se* plaintiff's claims and noting that *pro se* litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

In considering the *Chandler* factors, the Court finds that the first factor weighs in favor of dismissal. Plaintiff is proceeding *pro se* and bears responsibility for failing to prosecute this action. He failed to comply with the Court's March 2015 scheduling order and to respond to Defendant's Motion to Dismiss despite the Clerk's *Roseboro* notice.

Moreover, as Plaintiff appears to have abandoned his claim, his failure to prosecute has rendered Defendant unable to address the merits of his claim. As a result, Defendant suffers prejudice by her inability to litigate the matter at all. The second factor, therefore, also favors dismissal.

Further, with respect to the third factor regarding the pattern of Plaintiff's conduct, his delay of over two months suggests that the Court should expect only further delay should the case proceed. The Court cannot further analyze the substance of Plaintiff's claim because of his failure to submit dispositive motions and his apparent abandonment of his claim. Finally, with regard to the fourth factor, given the considerable passage of time with no response from Plaintiff, there is no alternative sanction short of dismissal that would be appropriate in this case. Because of Plaintiff's *pro se* status and the severity of dismissal with prejudice, the matter is **DISMISSED WITHOUT PREJUDICE**. *See Payne ex rel. Estate of Calzada v. Brake*, 439

F.3d 198, 204 (4th Cir. 2006) (noting that Rule 41(b) sets forth nothing more than default rule for dismissal with prejudice and that court has discretion to specify otherwise).[1]

### III

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 29) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.  A separate order shall issue.

Date: July 7, 2015                                         /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge

---

[1] The Court notes, however, that, should the applicable statute of limitations act as a bar to the refiling of this action by Plaintiff, his own dilatory conduct would render practically the dismissal as one with prejudice.  *See, e.g.*, *Brickey v. Astrue*, No. 3:12CV311-HEH, 2012 WL 5038333, at *2 (E.D. Va. Sept. 26, 2012), *report and recommendation adopted*, No. 3:12CV311-HEH, 2012 WL 5038238 (E.D. Va. Oct. 18, 2012).